UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHELLE RENEE WETMORE

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY

CIVIL ACTION

NUMBER 14-274-BAJ-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 26, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHELLE RENEE WETMORE

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY

CIVIL ACTION

NUMBER 14-274-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Michelle Renee Wetmore brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying her applications for disability insurance and supplemental security income benefits ("SSI").

Based on the standard of judicial review under § 405(g), a careful review of the entire administrative record as a whole, and the analysis that follows, the Commissioner's decision should be affirmed.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial

evidence supports the Commissioner's findings, they are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  It is more than a mere scintilla and less than a preponderance.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). Judicial review under § 405(g) does not require that all of the evidence support the ALJ's findings.  Even if substantial evidence supports the claimant's position this is not a ground for reversal. As long as the ALJ's finding or decision is supported by substantial evidence in the record as a whole it must be affirmed.[1]

---

[1] *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254, n. 4 (5th Cir. 1972) (as long as there is substantial evidence to support the Commissioner's determination, the quantity of evidence submitted by the claimant is irrelevant in terms of judicial review); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001); *Palimino v. Barnhart*, 515 F.Supp.2d 705, 710 (W.D.Tex. 2007), citing, *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(when record as a whole indicates a mixed collection of evidence regarding plaintiff's impairments and their impact, Commissioner's decision is upheld when there is substantial evidence to support it).

In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). Thus, on judicial review the Commissioner's decision is granted great deference, and the decision will not be disturbed unless the court cannot find substantial evidence in the record to support it, or the court finds an error of law was made. *Leggett v. Chater,* 67 f.3d 558, 564 (5th Cir. 1995).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require

3

the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525; 416.925.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he is no longer capable of

performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

**Background and Claims of Error**

Plaintiff was 41 years of age at the time of the administrative law judge's ("ALJ") decision.[2] Plaintiff graduated from high school and worked in the past as a police radio dispatcher, plant safety department office administrator, and a salesperson. In her applications for disability and SSI benefits filed in October 2011, the plaintiff alleged that she became disabled and no longer able to work as of September 1, 2009 because of degenerative disc disease and herniated discs. AR pp. 142-54, 185-195, 200, 231.[3]

After her application was denied at the initial stages, the plaintiff requested an ALJ hearing, after which the ALJ issued an unfavorable decision. AR pp. 18-49. The ALJ found at the second

---

[2] Plaintiff's age placed her in the category of a "younger person." 20 C.F.R. § 404.1563(c); § 404.1563(c).

[3] The date the plaintiff was last insured for disability benefits is December 31, 2010. Thus, the application for disability benefits requires the plaintiff to establish disability on or before December 31, 2010.

5

step that the plaintiff's degenerative cervical and lumbar spine condition constituted severe impairments.[4]  At the third step the ALJ concluded that the plaintiff's combination of severe impairments did not meet or medically equal the severity of any listed impairment.  AR pp. 23-25.

The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite her severe impairments, the plaintiff was able to do any of her past relevant work or other work in the national economy.[5]  The ALJ found the plaintiff had an RFC to perform light work,[6] but with these limitations: she could never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, stoop, and crawl; and frequently balance, kneel, and crouch.  AR p. 25.  Given this RFC, and based on the testimony of the vocational expert, Thomas G.

---

[4] At the second step the ALJ also addressed obesity and alleged mental impairments.  The ALJ concluded these impairments were not severe under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).  AR pp. 23-25.  Plaintiff did not claim any error in these findings.

[5] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis.  It is the foundation of the findings at steps four and five. 20 C.F.R. §§ 404.1545; 416.945.

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b); 416.967(b).

Mungall, III, the ALJ concluded that the plaintiff would be able to perform her past relevant work as a police dispatcher as she actually performed it and as it is generally performed in the national economy.[7] AR pp. 27-28, 37-38.[8] Therefore, at the fourth step the ALJ concluded the plaintiff is not disabled.

In her appeal memorandum the plaintiff argued that the ALJ committed reversible error by improperly rejecting her allegations of disabling pain. Plaintiff argued that the medical evidence demonstrates she suffers from chronic debilitating pain as a result of her severe neck and back impairments. According to the plaintiff, the limitations caused by pain and the side effects of medication required to alleviate that pain make her incapable of working on a regular and continuous basis. Therefore, plaintiff argued, the ALJ's finding that her complaints of disabling pain are not fully credible is not supported by substantial evidence.

## Analysis

Medical tests and treatment records covering a period from

---

[7] Under §§ 404.1560(b)(2) and 416.960(b)(2) and the case law it is well-established that a determination of whether a claimant can do his or her past relevant work may rest on descriptions of past work as actually performed or as generally performed in the national economy. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); *Khawaja v. Shalala*, 20 F.3d 1170 (5th Cir. 1994); *Alexander v. Astrue*, 412 Fed.Appx. 719 (5th Cir. 2011).

[8] Plaintiff exhausted her administrative remedies before filing this action for judicial review. The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

7

2005 through early 2012 established the plaintiff's severe impairments of the cervical and lumbar spine. This evidence documents degenerative disc disease and several levels of bulging and herniated discs in the plaintiff's neck and back. Tests of the plaintiff's cervical spine showed a broad-based herniated nucleus pulposis at C4-C5, and diffuse bulges at C3-C4, C5-C6 and C6-C7 with bilateral neural foraminal stenosis and associated marginal osteophyte formation, but no evidence of central vertebral canal stenosis. AR pp. 342-43 (12/16/09 MRI); AR pp. 492-93 (11/16/10 MRI). Plaintiff's MRI results for her lumbar spine showed evidence of a central herniated disc at L5-S1 causing central vertebral canal stenosis, an L4-L5 bulging disc, with no evidence of central vertebral canal stenosis, and a mild diffuse bulge at L3-L4 with no evidence of neural foraminal or central vertebral canal stenosis. AR pp. 490-91 (11/16/10 MRI); AR pp. 610-11 (9/9/11).

The record reflects that the plaintiff was treated for her spinal condition with physical therapy, steroid injections and pain medication. Thus, the record established, and the Commissioner does not contest, the plaintiff's claims that she had severe impairments of the cervical and lumbar spine, and pain as a result of these impairments. The critical issue raised in this appeal is the plaintiff's argument that these severe impairments caused chronic disabling pain, and the ALJ's contrary finding - that her subjective complaints were not fully credible - is not supported by

substantial evidence.

The administrative record as a whole contains more than substantial evidence to support the ALJ's credibility determination. The record consistently reflects that in a prescribed pain management program, the plaintiff's symptoms were relieved by the medications she was prescribed.[9] If the plaintiff reported lack of effectiveness, her treating physicians made changes to her medication regimen. Although the plaintiff contended that she has side effects from her medication and testified at the hearing that they caused mood swings, irritability, forgetfulness and drowsiness,[10] the treatment records from the plaintiff's doctors do not contain notations showing the plaintiff complained about these or other adverse side effects from her medications. Significantly, with prescribed treatment, the plaintiff's medical records reflected consistently normal findings on physical examination.

For example, from the end of 2009 through the middle of 2010 the records indicated the plaintiff had normal gait, strength and coordination, and with medication the intensity/severity of the

---

[9] The record reflects that in August 2009 the plaintiff's treatment with Dr. John E. Clark was terminated because on two occasions the plaintiff tested positive for medications that he did not prescribe. AR p. 251. In May 2012, Dr. Jeanenne Brignac stated that she could no longer prescribe the plaintiff controlled substances because the plaintiff violated her pain contract. AR p. 580.

[10] AR pp. 45-46.

plaintiff's symptoms was reported as mild and well-controlled. It was also noted the plaintiff should be limited to light duty, not lifting over 20 or 30 pounds. AR pp. 340, 349-59. Dr. Anthony Sin, neurosurgeon evaluated the plaintiff in December 2010. His spinal examination findings were normal on the right and left for the straight leg raising tests, motor lumbar and cervical exams were all normal at 5/5. Dr. Sin recommended the plaintiff participate in physical therapy to include core strengthening. AR pp. 480-83. Consistent with all of this evidence, the information in the records from the end of 2010 through 2011 and 2012 showed normal findings on musculoskeletal examinations. AR pp. 461-77, 499, 505-12, 519-33, 572, 574-75, 579-91, 594-608.

The consultative examination performed by Dr. Levie Johnson on January 26, 2011 also provides additional evidence to support the ALJ's conclusion that the plaintiff was not fully credible with regard to the claim that her impairments caused disabling levels of pain. Dr. Johnson reported the plaintiff had a normal range of motion of her neck and back with no tenderness or spasms, as well as a normal range of motion of her shoulders, elbows, wrists, hips, knees and ankles; normal range of motion and strength in her upper and lower extremities with no joint tenderness or swelling; normal gait and grip strength; and, no motor or sensory deficits. AR pp. 454-59. In addition, the record shows that after September 2009 – the date the plaintiff alleged she became disabled and unable to

engage in substantial gainful activity - the plaintiff applied for and received unemployment benefits through the fourth quarter of 2011. AR pp. 36-37.[11]

The legal principles governing review of the ALJ's credibility findings are well established. While the ALJ must consider a claimant's subjective complaints, he may find that those complaints are not credible or are exaggerated in light of the objective medical and other evidence of record. The ALJ is not required to give subjective evidence precedence over objective evidence. *Anthony v. Sullivan,* 954 F.2d 289, 295-96 (5th Cir. 1992); *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). The ALJ's evaluation of the claimant's credibility is entitled to deference and must be upheld if it is supported by substantial record evidence. *Id*.

The record as a whole and the ALJ's written decision demonstrates that the ALJ complied with these principles. The ALJ adequately explained his reasons for finding the plaintiff not fully credible, and the analysis and evidence cited above demonstrates that the ALJ's credibility finding is supported by

---

[11] *See, Carlin v. Commissioner,* 2013 WL 6665713 *7 (W.D. La. Dec. 17, 2013)(applications for unemployment and disability benefits are inherently inconsistent; to receive unemployment benefits an applicant must assert that he is ready, willing, and able to go to work); *Thibodeaux v. Astrue*, 324 Fed. Appx. 440 (5th Cir. 2009).

11

substantial evidence.[12]

After evaluating the plaintiff's credibility and determining the plaintiff's RFC, the ALJ correctly proceeded to the fourth step of the disability analysis to determine whether the plaintiff could perform any of her past relevant work. The ALJ concluded that the plaintiff was capable of performing her past relevant work as a police dispatcher as it was actually and generally performed in the national economy. This finding is supported by substantial evidence – the information in the record about the plaintiff's past employment and the testimony provided by the vocational expert.[13] Thus, the ALJ properly concluded at the fourth step the plaintiff is not disabled.

**Conclusion**

The ALJ's credibility determination is supported by the record

---

[12] The ALJ cited the correct standards governing the credibility determination, and then properly applied them in judging the plaintiff's credibility. 20 C.F.R. §§ 404.1529(c)(3); 416.963(c)(3); Social Security Ruling 96-7p; AR p. 27. To the extent the plaintiff argued the ALJ erred by not considering some factor listed in the regulation, the error is harmless because the ALJ adequately evaluated the plaintiff's complaints of pain and his finding is supported by substantial evidence. *See, Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988); *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988) (procedural perfection in administrative proceedings is not required; a judgment will not be vacated unless the substantial rights of a party have been affected; procedural improprieties constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the ALJ's findings.

[13] AR pp. 37-38, 185-87.

as a whole.  The ALJ applied the properly legal standards and his findings are supported by substantial evidence.  The final decision of the Commissioner should be affirmed.

## RECOMMENDATION

It is the recommendation of the magistrate judge that, under sentence four of 42 U.S.C. § 405(g), the final decision of Acting Commissioner of Social Security Carolyn W. Colvin denying the application for disability and supplemental security income benefits filed by plaintiff Michelle Renee Wetmore be affirmed, and this action be dismissed.

Baton Rouge, Louisiana, August 26, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE